**United States District Court**
**Southern District of Ohio**
**Western Division**

JEFFREY MCGRAW,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 1:14-cv-983

Barrett, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

This case is before the Court on Plaintiff's Motion for Attorney Fees and Costs Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  (Doc. 19). The Commissioner filed a memorandum contra asserting that the motion is untimely.  For the reasons indicated herein, the Court **RECOMMENDS** that Plaintiff's motion for EAJA fees be **DENIED**.

In January 2015, Plaintiff sought judicial review of the agency's final decision denying him disability insurance benefits (DIB) under Title II of the Social Security Act 42 U.S.C. § 1382c(a)(3) and supplemental security income (SSI) under Title XVI of that Act. R. 1. On September 4, 2015, Judge Michael Barrett issued an Order granting the parties' joint motion to reverse and remand the agency's final decision pursuant to Sentence Four of 42 U.S.C. § 405(g).  (Doc. 15). Judgment was entered that same day. (Doc. 16). On July 27, 2016—327 days after the Court entered judgment—Plaintiff petitioned this Court for an award of $3,526.59 in attorney fees under the EAJA. (Doc. 19).

Under the EAJA, 28 U.S.C. § 2412, a party that prevails against the United States in a civil action is entitled, in certain circumstances, to an award of attorney's fees, court costs, and other expenses. To be entitled to attorney fees under the EAJA, the Court must find that (1) the plaintiff timely filed an application for fees; (2) the plaintiff is a prevailing party; and (3) the position of the Agency was not substantially justified. 28 U.S.C. § 2412(d)(1)(B).

A party seeking an award of fees in an action against the Agency must file a petition for fees "within thirty days of final judgment in the action." (*Id.*) A final judgment is defined as "a judgment that is final and not appealable." 28 U.S.C. § 2412(d) (2)(G). A sentence four remand terminates the civil action seeking judicial review of the Agency's judgment and is a judgment; under 28 U.S.C. § 2412(d)(2)(G), the judgment becomes "final" once the time for appeal has run. *Shalala v. Schaefer,* 509 U.S. 292, 299–300 (1993). In an action against the Agency, the time for appeal does not end until sixty days after entry of judgment. Fed. R.App. P. 4(a). An EAJA application must be filed within thirty days after the time for appeal has ended. *See* 28 U.S.C. §§ 2412(d)(1)(B), (d)(2) (G); *Schaefer,* 509 U.S. at 299–300. Thus, Plaintiff had 90 days after the entry of judgment in the district court to file this application for fees under the EAJA.

In the case at hand, Plaintiff did not file an application for EAJA fees until July 27, 2016; 237 days after the district court entered judgment.[1] As such, the Commissioner

---

[1] The thirty-day time limit is not jurisdictional and may be subject to equitable tolling. *See Townsend v. Comm'r of Soc. Sec.,* 415 F.3d 578, 583 (6th Cir.2005) ("In sum, we conclude that based on the Supreme Court's decision in *Scarborough*, the EAJA time limitation for fee applications is subject to equitable tolling."). However, Plaintiff has not requested equitable tolling and has, therefore, waived any such request. *See Scottsdale Ins. Co. v. Flowers,* 513 F.3d 546, 553 (6th Cir.2008) (issues raised for the first time in reply briefs constitutes a waiver). Furthermore, Plaintiff did not file a reply brief in support of his motion.

argues that Plaintiff's untimely petition disqualifies him from receiving fees under the EAJA.  The undersigned agrees.

Based upon the foregoing, **IT IS RECOMMENDED** that Plaintiff's untimely EAJA fee petition (Doc. 19) be **DENIED.**

                                                   *s/ Stephanie K. Bowman*
                                                   Stephanie K. Bowman
                                                   United States Magistrate Judge

**United States District Court**
**Southern District of Ohio**
**Western Division**

JEFFREY MCGRAW,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 1:14-cv-983

Barrett, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

4